FILED & ENTERED

MAR 15 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY evangeli DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>Sherrie Nicole Lockhart-Johnson,<br><br><br><br><br>                                                Debtor(s),<br><br>Sharlene Willard,<br><br>                                                Plaintiff(s),<br><br>vs.<br><br>Sherrie Nicole Lockhart-Johnson,<br><br>                                                Defendant(s). | Case No.: 2:20-bk-10969-BB<br><br>Chapter: 7<br><br>Adversary No.: 2:20-ap-01073-BB<br><br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS AND BIFURCATING ISSUES FOR DISCOVERY AND TRIAL**<br><br><br><br>Date: March 14, 2023<br>Time: 2:00 PM<br>Location:  Courtroom 1539 and via<br>                  Zoom for Government |

The Court conducted a hearing on March 14, 2023 at 2:00 p.m. in Courtroom 1539 of the above-entitled court on the motion of plaintiff Sharlene Willard ("Plaintiff") to compel further responses to certain discovery requests that she had served on defendants Sherrie Nicole Lockhart-Johnson ("Debtor") and Steve Johnson ("Co-defendant"). Plaintiff appeared at the hearing on the foregoing motion (the "Motion") via Zoom for Government, representing herself. Debtor and Co-defendant did not appear either representing themselves or through counsel.

- 1

The Court, having reviewed and considered the Motion, the oppositions of Debtor and Co-defendant (jointly, "Defendants") thereto, Plaintiff's reply to the foregoing oppositions and the Court's records and files in the above adversary proceeding, and having found that certain of the discovery requests propounded by Plaintiff were inappropriate for the reasons set forth below and that certain of Defendants' responses thereto were incomplete, and other good cause appearing therefor,

**IT IS HEREBY ORDERED** as follows:

1. The Motion is granted in part and denied in part, as set forth in more detail below. Defendants shall serve on Plaintiff all supplemental responses required by this Order not later than **April 3, 2023**. All supplemental responses should answer the questions posed or provide the information requested and should not contain additional commentary or argument that is extraneous or not responsive to the question posed.

2. <u>Co-defendant's Responses to Discovery Requests (Exhibit D to the Motion)</u>:

    a. The Motion is granted with regard to Interrogatory 1.[1] Co-defendant should provide Plaintiff with a written response that states his full name, date of birth and present home address.

    b. The Motion is granted with regard to Interrogatory 2. Co-defendant should state all of his residence addresses for the past six years and his best estimate of the dates during which he lived at each address.

    c. The Motion is denied with regard to Interrogatory 3. This request has been answered.

    d. The Motion is denied with regard to Interrogatory 4. This request has been answered.

    e. The Motion is granted with regard to Interrogatory 5. Co-defendant should provide the requested information for each fictitious name under which he has

---

[1] Plaintiff did not provide the Court with copies of her discovery requests. The numbers the court has assigned to Plaintiff's interrogatories are the paragraph numbers that appear in the discovery responses that were attached as exhibits to the Motion. In some instances, numbers are missing or are duplicated. Court does not know whether the numbers assigned to Defendant's responses accurately correspond to the numbers in the discovery requests or not.

done business in the past 10 years or state that he has not done business under any fictitious names during this period.

f.  The Motion is granted in part with regard to Interrogatory 6.  If Co-defendant has done business under any fictitious names or on behalf of any other entity, he should answer each of the questions with regard to each such business name or entity.

g.  The Motion is granted with regard to Interrogatory 7.  Co-defendant should answer the question posed.  If the answer is "no," he should simply so state.

h.  The Motion is denied with regard to Interrogatory 8.  This question is either unintelligible or calls for a lay witness to provide a legal opinion.  No further response is required.

i.  The Motion is granted with regard to Interrogatory 9.  If the answer is "none," Co-defendant should simply so state.

j.  The Motion is granted with regard to Interrogatory 10.  Co-defendant should provide the requested information for each job or position of employment he has held since January 1, 2016.  If any of the requested information is not available, Co-defendant should provide as much information as he can, including his best estimates and recollections of such information.

k.  The Motion is denied with regard to Interrogatory 11.  Absent a proffer from Plaintiff as to how such information may lead to the discovery of admissible evidence, the request seeks information that is beyond the scope of permissible discovery.

l.  The Motion is denied with regard to Interrogatory 12.  Co-defendant appears to have answered the question.

m.  The Motion is denied with regard to Interrogatory 13, as this question appears to seek character evidence that would be inadmissible in any event.

n.  The Motion is denied with regard to the first Interrogatory 14.  Plaintiff should know how much Co-defendant paid him pursuant to a prior settlement.  It

appears that Plaintiff is attempting to use Co-defendant's prior attempts to settle the matter to prove liability, which the Court would not permit.

o. The Motion is granted with regard to the first Interrogatory 16.[2] Co-defendant must answer this question, which the Court notes is a yes or no question. Once Co-defendant has answered "yes" or "no," if his answer is "yes," if Co-defendant wants to elaborate, he should provide the addresses at which he and the Debtor have lived together during the last 8 years and the approximate dates the two lived together at each address.

p. The Motion is denied with regard to the first Interrogatory 17. This interrogatory is unintelligible, overly burdensome and calls for information that is beyond the scope of permissible discovery.

q. The Motion is granted with regard to the second Interrogatory 14[3]. Co-defendant needs to provide the names of the persons that he would call as witnesses if he were required to proceed to trial now. He can and must amend this list later if he subsequently decides to change this information, but he cannot simply respond that he has not figured this out yet.

r. The Motion is granted with regard to Interrogatory 15. Co-defendant can provide his biological father's name, date of birth and last known residence address, even if he is deceased.

s. The Motion is denied with regard to the second Interrogatory 16. Absent a proffer from Plaintiff as to how such information may lead to the discovery of admissible evidence, the request seeks information that is beyond the scope of permissible discovery.

t. The Motion is denied with regard to the second Interrogatory 17. Plaintiff has not made the additional showing necessary to obtain tax return information.

---

[2] Page 5 of Exhibit D starts with the end of Co-defendant's response to Interrogatory 14 and skips to Interrogatory 16. Later on that page, at line 16, the numbering begins again with 14 and, this time, contains a paragraph 15.
[3] See note 2 above.

    u. The Motion is denied with regard to Interrogatory 18. Absent a proffer from Plaintiff as to how such information may lead to the discovery of admissible evidence, the request seeks information that is beyond the scope of permissible discovery.

    v. The Motion is denied with regard to Interrogatory 19. Absent a proffer from Plaintiff as to how such information may lead to the discovery of admissible evidence, the request seeks information that is beyond the scope of permissible discovery.

    w. The Motion is denied with regard to Interrogatory 20. Co-defendant has answered the question.

    x. The Motion is denied with regard to Interrogatory 21. Co-defendant has answered the question.

    y. The Motion is denied with regard to Interrogatory 22. Plaintiff cannot require one witness to obtain sworn testimony from another. If Plaintiff wants testimony from someone other than Co-defendant, she needs to seek that information directly from that other person. With regard to request for a printout from the DMV, Plaintiff is only entitled to receive from Co-defendant documents that are within his possession, custody or control. He does not need to go out and procure from third parties documents that are not already within his possession, custody or control.

3. <u>Debtor's Responses to Discovery Requests (Exhibit E to the Motion)</u>:

    a. The Motion is denied with regard to Interrogatory 1. Based on the information provided, court cannot determine what the interrogatory was and, therefore, cannot ascertain whether the response provided was adequate.

    b. The Motion is granted with regard to the first nterrogatory 2. Debtor should state all of her residence addresses for the past six years and her best estimate of the dates during which she lived at each address.

    c. The Motion is denied with regard to the second Interrogatory 2. Absent a proffer from Plaintiff as to how such information may lead to the discovery of

admissible evidence, the request seeks information that is beyond the scope of permissible discovery.

d. The Motion is denied with regard to Interrogatory 3, as this question appears to seek character evidence that would be inadmissible in any event.

e. The Motion is granted with regard to Interrogatory 5. Debtor must answer this question, which the Court notes is a yes or no question. Once Debtor has answered "yes" or "no," if her answer is "yes," if Debtor wants to elaborate, she should provide the addresses at which she and the Co-defendant have lived together during the last 8 years and the approximate dates the two lived together at each address.

f. The Motion is denied with regard to Interrogatory 6. This interrogatory is unintelligible, overly burdensome and calls for information that is beyond the scope of permissible discovery.

g. The Motion is granted with regard to Interrogatory 7. Debtor needs to provide the names of the persons that she would call as witnesses if she were required to proceed to trial now. She can and must amend this list later if she subsequently decides to change this information, but she cannot simply respond that she has not figured this out yet.

h. The Motion is denied with regard to Interrogatory 8. Absent a proffer from Plaintiff as to how such information may lead to the discovery of admissible evidence, the request seeks information that is beyond the scope of permissible discovery.

i. The Motion is denied with regard to Interrogatory 9. Absent a proffer from Plaintiff as to how such information may lead to the discovery of admissible evidence, the request seeks information that is beyond the scope of permissible discovery.

j. The Motion is denied with regard to Interrogatory 10. Debtor has answered the question.

    k. The Motion is denied with regard to the language that appears on page 3 at lines 4 through 9. Based on the information provided, court cannot determine what the interrogatory was and, therefore, cannot ascertain whether the response provided was adequate.

    l. The Motion is denied with regard to the balance of the text that appears on page 3 of Exhibit E. This appears to be a request by Debtor for the production of documents from Plaintiff and therefore not relevant to the relief requested by Plaintiff in the Motion. Court notes, however, that including such requests in Debtor's response to Plaintiff's discovery requests is not an acceptable way to present a discovery request.

4. Defendants' request for a protective order is denied. If Defendants would like to seek a protective order, they will need to file and serve a motion seeking such relief. They cannot merely include such a request in an opposition to the Motion.

5. Plaintiff's request for the imposition of sanctions as against Defendants is denied. Many of Plaintiff's discovery requests are inappropriate, and Plaintiff has not incurred any costs other than her own (nonattorney) time.

6. **In light of the difficulties that the parties have had in dealing with one another in this adversary proceeding, the Court hereby bifurcates for both the purposes of discovery and trial (a) the issue of whether any amounts due Plaintiff are nondischargeable under Bankruptcy Code sections 523(a)(2)(A) and/or 523(a)(6) (the "Nondischargeability Issue") from (b) the issue of whether the debt in question is a community obligation (the "Community Property Issue"). First, the parties should conduct and complete (if they have not done so already) any discovery necessary for them to proceed to trial with regard to Nondischargeability Issue, and, with the exception of providing the further responses required by this Order, <u>should refrain from propounding or responding to any further discovery concerning the Community Property Issue, including without limitation the extent to which the Defendants are separated, until further order of the Court authorizing such discovery</u>.**

7. **Any claim that Plaintiff may have pleaded under section 523(a)(4) is not well founded on the facts and is hereby dismissed.**

8. **Court will adjudicate the Nondischargeability Issue first, as this may moot the remaining issues in this case. If the Court concludes that plaintiff cannot make the showing necessary to have her claim excepted from the discharge, she will be estopped to deny that the obligation is a community claim. Therefore, she will be enjoined from attempting to enforce the claim as against the Debtor, the property of the Debtor and any community property that may exist. If the Court concludes that the claim is not dischargeable, the extent to which any property held/earned by the Debtor may be considered community property will be an open issue. The Court will assess at that time how best to proceed with any remaining issues.**

###

Date: March 15, 2023

Sheri Bluebond
United States Bankruptcy Judge